**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**

| | |
|---|---|
| EYETALK365, LLC, | |
| Plaintiff, | Civil Action No. <u>3:14-cv-527</u> |
| v. | |
| LIVEWATCH SECURITY, LLC, | JURY TRIAL DEMANDED |
| Defendant. | |

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Eyetalk365, LLC ("Eyetalk" or "Plaintiff"), for its Complaint against Defendant LiveWatch Security, LLC ("Defendant"), hereby alleges as follows:

### NATURE OF THE ACTION

1.      This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. §§ 1, *et seq*.

### THE PARTIES

2.      Plaintiff Eyetalk365, LLC is a limited liability company organized under the laws of the State of North Carolina with its principal place of business at 9923 Willow Leaf Lane, Cornelius, North Carolina 28031.

3.      Upon information and belief, Defendant LiveWatch Security, LLC is a limited liability company organized under the laws of the State of Delaware with its principal place of business at 620 Davis Street, 2nd Floor, Evanston, Illinois 60201.

### JURISDICTION AND VENUE

4.      This is an action for patent infringement arising under the Patent Laws of the United States, Title 35 of the United States Code.

---

5.  This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

6.  Defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the North Carolina Long-Arm Statute, due to its substantial business in this forum, including acts constituting direct infringement as alleged herein occurring within this forum.

7.  Venue is proper in this judicial district under 28 U.S.C. §§ 1391 and 1400(b).

## COUNT I – INFRINGEMENT OF U.S. PATENT NO. 8,139,098

8.  The allegations set forth in the foregoing paragraphs 1 through 7 are hereby realleged and incorporated herein by reference.

9.  On March 20, 2012, United States Patent No. 8,139,098 (the "'098 Patent"), entitled "Video Communication Method For Receiving Person At Entrance," was duly and legally issued by the United States Patent and Trademark Office. A true and correct copy of the '098 Patent is attached as Exhibit A to this Complaint.

10.  Eyetalk is the assignee and owner of the right, title and interest in and to the '098 Patent, including the right to assert all causes of action arising under the '098 Patent and the right to any remedies for infringement.

11.  In violation of 35 U.S.C. § 271, Defendant has directly infringed and continues to directly infringe, both literally and/or under the doctrine of equivalents, the '098 Patent by making, using, offering for sale, selling, and/or importing systems in the United States, including within this judicial district, that perform the steps of detecting a presence of a person at an entrance, transmitting video of the person at the entrance using a camera located proximate to the entrance, and providing a graphic user interface to a remote peripheral device where a user of the remote peripheral device can view the video of the person at the entrance as claimed in at least claim 1 of the '098 Patent, without the authority of Eyetalk.

12.     Defendant has knowledge of the '098 Patent since at least filing of this Complaint.

13.     Because of Defendant's infringing activities, Eyetalk has suffered damages and will continue to suffer damages in the future.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Eyetalk demands a trial by jury on all issues triable as such.

## PRAYER FOR RELIEF

WHEREFORE, Eyetalk respectfully requests that this Court enter judgment for Eyetalk and against Defendant as follows:

A.     An adjudication that Defendant has infringed the '098 Patent;

B.     An award of damages to be paid by Defendant adequate to compensate Eyetalk for Defendant's past infringement of the '098 Patent and any continuing or future infringement through the date such judgment is entered, including interest, costs, expenses and an accounting of all infringing acts including, but not limited to, those acts not presented at trial;

C.     An injunction ordering Defendant to pay an ongoing royalty in an amount to be determined for any continued infringement after the date judgment is entered;

D.     A declaration that this case is exceptional under 35 U.S.C. § 285, and an award of Plaintiff's reasonable attorneys' fees;

E.     An award to Eyetalk of such further relief at law or in equity as the Court deems just and proper.

Dated:  September 22, 2014                    WISHART NORRIS, P.A.

                                              /s/David C. Boggs
                                              David C. Boggs, NCSB# 8182
                                              david.boggs@wishartnorris.com
                                              June K. Allison, NCSB # 9673
                                              june.allison@wishartnorris.com
                                              6832 Morrison Boulevard
`                                             Charlotte, North Carolina 28211
                                              Telephone: 704-364-0010
                                              Facsimile: 704-364-0569

                                              /s/Pamela S. Duffy
                                              Pamela S. Duffy, NCSB # 18329
                                              Pam.duffy@wishartnorris.com
                                              3120 S. Church Street
                                              Burlington, North Carolina 27215
                                              Telephone: 336-584-3388
                                              Facsimile: 336-584-3994

                                              *Attorneys for Plaintiff*