# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:14-CV-527-FDW-DCK

| | |
|---|---|
| EYETALK365, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) ORDER |
| | ) |
| LIVE WATCH SECURITY, LLC, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**THIS MATTER IS BEFORE THE COURT** on "Plaintiff's Motion For Leave To File An Amended Complaint" (Document No. 25). This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate. Having carefully considered the motion and the record, and in consultation with Judge Whitney's chambers, the undersigned will grant the motion.

## BACKGROUND

Eyetalk365, LLC ("Plaintiff") initiated this action with the filing of its "Original Complaint For Patent Infringement" (Document No. 1) on September 22, 2014. "Defendant LiveWatch Security, LLC's Answer And Affirmative Defenses To Plaintiff's Complaint And Counterclaims" (Document No. 16) was filed on November 4, 2014.

On December 18, 2014, the Honorable Frank D. Whitney issued a "Utility Patent Claim Construction Scheduling Order" (Document No. 20). In most pertinent part, the "…Scheduling Order" allowed for the filing of motions to amend the pleadings on or before **January 28, 2015**. (Document No. 20, p.6).

"Defendant LiveWatch Security, LLC's Motion For Judgment On The Pleadings" (Document No. 23) <u>and</u> Plaintiff's Motion For Leave To File An Amended Complaint" (Document No. 25) were filed on January 28, 2015.

On January 30, 2015, the Court issued a "Patent Claim Construction Scheduling Order" (Document No. 25) that allows for motions to amend the pleadings by **May 6, 2015**.

The pending motions are now ripe for review.

### STANDARD OF REVIEW

Federal Rule of Civil Procedure 15 applies to the amendment of pleadings and allows a party to amend once as a matter of course within 21 days after serving, or "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed.R.Civ.P. 15(a)(1). Rule 15 further provides:

> **(2) Other Amendments.** In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed.R.Civ.P. 15(a)(2).

Under Rule 15, a "motion to amend should be denied only where it would be prejudicial, there has been bad faith, or the amendment would be futile." <u>Nourison Rug Corporation v. Parvizian</u>, 535 F.3d 295, 298 (4th Cir. 2008) (citing <u>HCMF Corp. v. Allen</u>, 238 F.3d 273, 276-77 (4th Cir. 2001); <u>see also</u>, <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962). However, "the grant or denial of an opportunity to amend is within the discretion of the District Court." <u>Pittston Co. v. U.S.</u>, 199 F.3d 694, 705 (4th Cir. 1999) (quoting <u>Foman</u>, 371 U.S. at 182).

# DISCUSSION

After careful consideration of the motion and the record, including the Scheduling Orders issued in this case, the undersigned finds that Plaintiff's motion to amend should be granted. Therefore, because the Court will allow Plaintiff to file an Amended Complaint which supersedes the original Complaint, the undersigned will respectfully direct that "Defendant LiveWatch Security, LLC's Motion For Judgment On The Pleadings" (Document No. 23) be denied as moot. This Order is without prejudice to Defendant filing a renewed motion, if appropriate.

It is well settled that a timely-filed amended pleading supersedes the original pleading, and that motions directed at superseded pleadings may be denied as moot. Young v. City of Mount Ranier, 238 F. 3d 567, 573 (4th Cir. 2001) ("The general rule ... is that an amended pleading supersedes the original pleading, rendering the original pleading of no effect."); see also, Colin v. Marconi Commerce Systems Employees' Retirement Plan, 335 F.Supp.2d 590, 614 (M.D.N.C. 2004) ("Earlier motions made by Defendants were filed prior to and have been rendered moot by Plaintiffs' filing of the Second Amended Complaint"); Turner v. Kight, 192 F.Supp. 2d 391, 397 (D.Md. 2002) (quoting 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1476 (2d ed. 1990) ("A pleading that has been amended ... supersedes the pleading it modifies .... Once an amended pleading is interposed, the original pleading no longer performs any function in the case."); Brown v. Sikora and Associates, Inc., 311 Fed.Appx. 568, 572 (4th Cir. Apr. 16, 2008); and Atlantic Skanska, Inc. v. City of Charlotte, 3:07-CV-266-FDW, 2007 WL 3224985 at *4 (W.D.N.C. Oct. 30, 2007).

## CONCLUSION

**IT IS, THEREFORE, ORDERED** that "Plaintiff's Motion For Leave To File An Amended Complaint" (Document No. 25) is **GRANTED**. Plaintiff shall file its Amended Complaint on or before **February 27, 2015**.[1]

**IT IS FURTHER ORDERED** that "Defendant LiveWatch Security, LLC's Motion For Judgment On The Pleadings" (Document No. 23) is **DENIED AS MOOT**.

**SO ORDERED**.

Signed: February 23, 2015

David C. Keesler
United States Magistrate Judge

---

[1] The Administrative Procedures Governing Filing and Service by Electronic Means, revised January 1, 2012, at Part II, Section A, Paragraph 8, provide that: "If filing a document requires leave of the Court, such as an amended complaint, the attorney shall attach the proposed document as an exhibit to the motion according to the procedures in IV. If the Court grants the motion, the filer will be responsible for electronically filing the document on the case docket."