# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

| | |
|---|---|
| EYETALK365, LLC,<br><br>                Plaintiff,<br><br>v.<br><br>LIVEWATCH SECURITY, LLC,<br><br>                Defendant. | Civil Action No. 3:14-cv-00527<br><br>JURY TRIAL DEMANDED |

## FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Eyetalk365, LLC ("Eyetalk" or "Plaintiff"), for its First Amended Complaint against Defendant LiveWatch Security, LLC ("Defendant"), hereby alleges as follows:

## NATURE OF THE ACTION

1. This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. §§ 1, *et seq*.

## THE PARTIES

2. Plaintiff Eyetalk365, LLC is a limited liability company organized under the laws of the State of North Carolina with its principal place of business at 9923 Willow Leaf Lane, Cornelius, North Carolina 28031. Eyetalk is in the business of providing wireless security solutions and is in current development of products related to the industry as well as its intellectual property.

3. Upon information and belief, Defendant LiveWatch Security, LLC is a limited liability company organized under the laws of the State of Delaware with its principal place of business at 620 Davis Street, 2nd Floor, Evanston, Illinois 60201.

## JURISDICTION AND VENUE

4. This is an action for patent infringement arising under the Patent Laws of the United States, Title 35 of the United States Code.

5. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

6. Defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the North Carolina Long-Arm Statute, due to its substantial business in this forum, including acts constituting direct infringement as alleged herein occurring within this forum.

7. Venue is proper in this judicial district under 28 U.S.C. §§ 1391 and 1400(b).

## COUNT I – INFRINGEMENT OF U.S. PATENT NO. 8,139,098

8. The allegations set forth in the foregoing paragraphs 1 through 7 are hereby realleged and incorporated herein by reference.

9. On March 20, 2012, United States Patent No. 8,139,098 (the "'098 Patent"), entitled "Video Communication Method For Receiving Person At Entrance," was duly and legally issued by the United States Patent and Trademark Office. A true and correct copy of the '098 Patent is attached as Exhibit A to this First Amended Complaint.

10. Eyetalk is the assignee and owner of the right, title and interest in and to the '098 Patent, including the right to assert all causes of action arising under the '098 Patent and the right to any remedies for infringement.

11. In violation of 35 U.S.C. § 271, Defendant has directly infringed and continues to directly infringe, both literally and/or under the doctrine of equivalents, the '098 Patent by making, using, offering for sale, selling, and/or importing systems in the United States, including within this judicial district, that perform the steps of detecting a presence of a person at an entrance, transmitting video of the person at the entrance using a camera located proximate to the

entrance, and providing a graphic user interface to a remote peripheral device where a user of the remote peripheral device can view the video of the person at the entrance as claimed in at least claim 1 of the '098 Patent, without the authority of Eyetalk.

12. In violation of 35 U.S.C. § 271(b), Defendant has induced its customers and continues to induce its customers to infringe, both literally and/or under the doctrine of equivalents, the '098 Patent by providing instructions via its website, or through other documents and by making, using, offering for sale, selling, and/or importing systems in the United States, including within this judicial district, that perform the steps of detecting a presence of a person at an entrance, transmitting video of the person at the entrance using a camera located proximate to the entrance, and providing a graphic user interface to a remote peripheral device where a user of the remote peripheral device can view the video of the person at the entrance as claimed in at least claim 1 of the '098 Patent, without the authority of Eyetalk. To date Plaintiff has received no documents from Defendant, but to the extent that Defendant's systems perform the step of transmitting using equipment or systems not sold or offered for sale from Defendant, LiveWatch induces its customers to directly infringe the '098 patent by employing the security systems offered for sale by Defendant. Defendant has knowledge of the '098 Patent since at least the filing date of the Original Complaint, September 22, 2014.

13. Because of Defendant's infringing activities, Eyetalk has suffered damages and will continue to suffer damages in the future.

## COUNT II – INFRINGEMENT OF U.S. PATENT NO. 8,144,184

14. The allegations set forth in the foregoing paragraphs 1 through 13 are hereby realleged and incorporated herein by reference.

15. On March 27, 2012, United States Patent No. 8,144,184 (the "'184 Patent"), entitled "Detection And Viewing System," was duly and legally issued by the United States

Patent and Trademark Office. A true and correct copy of the '184 Patent is attached as Exhibit B to this First Amended Complaint.

16. Eyetalk is the assignee and owner of the right, title and interest in and to the '184 Patent, including the right to assert all causes of action arising under the '184 Patent and the right to any remedies for infringement.

17. In violation of 35 U.S.C. § 271, Defendant has directly infringed and continues to directly infringe, both literally and/or under the doctrine of equivalents, the '184 Patent by making, using, offering for sale, selling, and/or importing systems in the United States, including within this judicial district, that consist of a wireless device including a camera associated with a door and configured to communicate video data; a sensor for activating the camera; a plurality of peripheral devices associated with a user; a computer configured for communication with the wireless device and each of the peripheral devices, where video data from the wireless device is received by the computer upon actuation of the sensor; and a graphical user interface is provided through which the video data from the wireless device is accessible by a user on a peripheral device, as claimed in at least claim 1 of the '184 Patent, without the authority of Eyetalk.

18. In violation of 35 U.S.C. § 271(b), Defendant has induced its customers and continues to induce its customers to infringe, both literally and/or under the doctrine of equivalents, the '184 Patent by providing instructions via its website, or through other documents, that induce its customers to directly infringe the '184 Patent and by making, using, offering for sale, selling, and/or importing systems in the United States, including within this judicial district, that consist of a wireless device including a camera associated with a door and configured to communicate video data; a sensor for activating the camera; a plurality of peripheral devices associated with a user; a computer configured for communication with the

wireless device and each of the peripheral devices, where video data from the wireless device is received by the computer upon actuation of the sensor; and a graphical user interface is provided through which the video data from the wireless device is accessible by a user on a peripheral device, as claimed in at least claim 1 of the '184 Patent, without the authority of Eyetalk. Defendant has provided no documents via discovery to Plaintiff at this time, however, to the extent that the limitations of at least claim 1 of the '184 patent requires equipment that is not sold or offered for sale by Defendant, LiveWatch induces its customers to directly infringe the '184 patent using equipment that is owned, leased, or otherwise used by the customer to directly infringe the '184 patent through use of Defendant's security systems. For example, to the extent that a customer uses a smart phone or other peripheral device, that is not purchased from Defendant, to view video data from Defendant's security system, Defendant induces its customer to directly infringe the '184 patent by encouraging, both through documents on its website and through its cell phone application that is installed on a smartphone or other peripheral device to view video from Defendant's security system. Defendant has knowledge of the '184 Patent since at least January 22, 2015 when counsel for Eyetalk informed counsel for Defendant via email of its plans to assert the '184 Patent.

19. Because of Defendant's infringing activities, Eyetalk has suffered damages and will continue to suffer damages in the future.

**COUNT III – INFRINGEMENT OF U.S. PATENT NO. 8,154,581**

20. The allegations set forth in the foregoing paragraphs 1 through 19 are hereby realleged and incorporated herein by reference.

21. On April 10, 2012, United States Patent No. 8,154,581 (the "'581 Patent"), entitled "Audio-Video Communication System for Receiving Person at Entrance" was duly and

FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT                                    Page 5 of 11

Case 3:14-cv-00527-FDW-DCK   Document 32   Filed 02/26/15   Page 5 of 11

legally issued by the United States Patent and Trademark Office. A true and correct copy of the '581 Patent is attached as Exhibit C to this First Amended Complaint.

22. Eyetalk is the assignee and owner of the right, title and interest in and to the '581 Patent, including the right to assert all causes of action arising under the '581 Patent and the right to any remedies for infringement.

23. In violation of 35 U.S.C. § 271, Defendant has directly infringed and continues to directly infringe, both literally and/or under the doctrine of equivalents, the '581 Patent by making, using, offering for sale, selling, and/or importing systems in the United States, including within this judicial district, that consist of a wireless exterior module located proximate an entrance having a proximity sensor for detecting the person at the entrance, a video camera for recording an image of the person at the entrance, a microphone for recording sound of the person at the entrance, a speaker for playing audio to the person at the entrance, a transmitter for communicating sounds and images of the person at the entrance, and a receiver for receiving communications at the wireless exterior module; a computerized controller executing a software application and disposed in wireless electronic communication with the wireless exterior module via a transmitter and receiver of the wireless exterior module, the computerized controller is configured to control recording of communications with the wireless exterior module and playback of the recording, where the software application includes a graphical user interface that enables a user to view images from the video camera, the system also including a remote peripheral device that is configured to electronically communicate with the computerized controller for viewing an image from the video camera communicated from the wireless exterior module as claimed in at least claim 1 of the '581 Patent, without the authority of Eyetalk.

24. In violation of 35 U.S.C. § 271(b), Defendant has induced its customers to directly infringed and continues to induce its customers to directly infringe, both literally and/or under the doctrine of equivalents, the '581 Patent by providing instructions via its website, or through other documents, that induce its customers to directly infringe the '581 Patent and by making, using, offering for sale, selling, and/or importing systems in the United States, including within this judicial district, that consist of a wireless exterior module located proximate an entrance having a proximity sensor for detecting the person at the entrance, a video camera for recording an image of the person at the entrance, a microphone for recording sound of the person at the entrance, a speaker for playing audio to the person at the entrance, a transmitter for communicating sounds and images of the person at the entrance, and a receiver for receiving communications at the wireless exterior module; a computerized controller executing a software application and disposed in wireless electronic communication with the wireless exterior module via a transmitter and receiver of the wireless exterior module, the computerized controller is configured to control recording of communications with the wireless exterior module and playback of the recording, where the software application includes a graphical user interface that enables a user to view images from the video camera, the system also including a remote peripheral device that is configured to electronically communicate with the computerized controller for viewing an image from the video camera communicated from the wireless exterior module as claimed in at least claim 1 of the '581 Patent, without the authority of Eyetalk. To the extent that Defendant contends that it does not sell of offer to sell a peripheral device that is configured to communicate the computerized controller for viewing an image from a video camera of the customer, Plaintiff alleges on information and belief, that Defendant induces customer to directly infringe the '581 patent by instruction through documents or its website, to

use Defendant's cell phone application to view an image from the video camera with a peripheral device using Defendant's cell phone application. Defendant has knowledge of the '581 Patent since at least January 22, 2015 when counsel for Eyetalk informed counsel for Defendant via email of its plans to assert the '581 Patent.

25. Because of Defendant's infringing activities, Eyetalk has suffered damages and will continue to suffer damages in the future.

## COUNT IV – INFRINGEMENT OF U.S. PATENT NO. 7,193,644

26. The allegations set forth in the foregoing paragraphs 1 through 25 are hereby realleged and incorporated herein by reference.

27. On March 20, 2007, United States Patent No. 7,193,644 (the "'644 Patent"), entitled "Automated Audio Video Messaging and Answering System," was duly and legally issued by the United States Patent and Trademark Office. A true and correct copy of the '644 Patent is attached as Exhibit D to this First Amended Complaint.

28. Eyetalk is the assignee and owner of the right, title and interest in and to the '644 Patent, including the right to assert all causes of action arising under the '644 Patent and the right to any remedies for infringement.

29. In violation of 35 U.S.C. § 271, Defendant has directly infringed and continues to directly infringe, both literally and/or under the doctrine of equivalents, the '644 Patent by making, using, offering for sale, selling, and/or importing systems in the United States, including within this judicial district, on information and belief, that consist of a wireless exterior module having a proximity sensor , a video camera, a microphone, an RF transmitter, and an RF transmitter, a computerized controller running a software application, a wireless router, wherein the wireless router enables communication between the exterior module and the computerized controller, a recording component that records video and audio communication that is

FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT                        Page 8 of 11

Case 3:14-cv-00527-FDW-DCK   Document 32   Filed 02/26/15   Page 8 of 11

transmitted to and from the exterior module; a playing component that plays video and audio communication that is transmitted to and from the exterior module; a playing component that plays video and audio communication recorded by the recording component; wherein the software application includes a graphic user interface that enables a user to view images and streaming video from the camera and that enables the coordination of multiple communication devices and user defined responses to prompts and events as claimed in at least claim 1 of the '644 Patent, without the authority of Eyetalk.

30. In violation of 35 U.S.C. § 271(b), Defendant has induced its customers to directly infringe and continues to induce its customers to directly infringe, both literally and/or under the doctrine of equivalents, the '644 Patent by providing instructions via its website, or through other documents, that induce its customers to directly infringe the '644 Patent and by making, using, offering for sale, selling, and/or importing systems in the United States, including within this judicial district, on information and belief, that consist of a wireless exterior module having a proximity sensor , a video camera, a microphone, an RF transmitter, and an RF transmitter, a computerized controller running a software application, a wireless router, wherein the wireless router enables communication between the exterior module and the computerized controller, a recording component that records video and audio communication that is transmitted to and from the exterior module; a playing component that plays video and audio communication that is transmitted to and from the exterior module; a playing component that plays video and audio communication recorded by the recording component; wherein the software application includes a graphic user interface that enables a user to view images and streaming video from the camera and that enables the coordination of multiple communication devices and user defined responses to prompts and events as claimed in at least claim 1 of the

___

FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT                                   Page 9 of 11

Case 3:14-cv-00527-FDW-DCK   Document 32   Filed 02/26/15   Page 9 of 11

'644 Patent, without the authority of Eyetalk. Wherein Defendant has knowledge of the '644 Patent at least as early as January 22, 2015 when counsel for Eyetalk informed counsel for Defendant via email of its plans to assert the '644 Patent. For example, Defendant may not sell or offer to sell a wireless router to its customers, but does encourage its customers to use a wireless router in transmitting video and audio to a computerized controller, such that the customer directly infringes the '644 Patent.

31. Because of Defendant's infringing activities, Eyetalk has suffered damages and will continue to suffer damages in the future.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Eyetalk demands a trial by jury on all issues triable as such.

## PRAYER FOR RELIEF

WHEREFORE, Eyetalk respectfully requests that this Court enter judgment for Eyetalk and against Defendant as follows:

A. An adjudication that Defendant has infringed the '098, '184, '581 and '644 Patents;

B. An award of damages to be paid by Defendant adequate to compensate Eyetalk for Defendant's past infringement of the '098, '184, '581 and '644 Patents and any continuing or future infringement through the date such judgment is entered, including interest, costs, expenses and an accounting of all infringing acts including, but not limited to, those acts not presented at trial;

C. An injunction ordering Defendant to pay an ongoing royalty in an amount to be determined for any continued infringement after the date judgment is entered;

D. A declaration that this case is exceptional under 35 U.S.C. § 285, and an award of Plaintiff's reasonable attorneys' fees;

E. An award to Eyetalk of such further relief at law or in equity as the Court deems just and proper.

Dated: February 26, 2015
/s/ Steven R. Daniels
Steven R. Daniels
*Admitted Pro Hac Vice*
Farney Daniels PC
800 South Austin Ave., Suite 200
Georgetown, Texas 78626
Telephone: (512) 582-2828

David C. Boggs
WISHART NORRIS HENNINGER & PITTMAN, P.A.
6832 Morrison Boulevard
Charlotte, NC 28211
Telephone: (704) 364-0010
Email: david.boggs@wnhplaw.com

*Attorneys for Plaintiff
Eyetalk365, LLC*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that counsel of record who are deemed to have consented to electronic service are being served with a copy of Plaintiff's Motion for Leave to File Amended Complaint, via electronic mail on February 26, 2015.

/s/ Steven R. Daniels
Steven R. Daniels